IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA,** | : : : | Civil No. 3:23-CV-1921 |
| Plaintiff | : : | |
| v. | : : : | (Chief Judge Brann) |
| **ANTONELLO BOLDRINI** | : : : | (Magistrate Judge Carlson) |
| Defendant. | : : | |

## REPORT AND RECOMMENDATION

### I.   Factual Background

Antonello Boldrini is undeniably an angry man, and he would do well to heed the advice of Albert Einstein, who once observed that doing the same thing repeatedly and expecting different results was the highest form of human folly. Boldrini has been a prodigious, but prodigiously unsuccessful, *pro se* litigant, who has repeatedly and frivolously attempted to challenge mortgage foreclosure litigation filed in the Court of Common Pleas of Luzerne County. See e.g., Boldrini v. Giovannini, No. 3:22-CV-300, 2022 WL 3337727, at *2 (M.D. Pa. June 27, 2022); Luzerne Cnty. v. Boldrini, No. 3:22-CV-00620, 2022 WL 2734404, at *1 (M.D. Pa. May 5, 2022), report and recommendation adopted, No. CV 3:22-620, 2022 WL 1785249 (M.D. Pa. June 1, 2022), reconsideration denied, No. CV 3:22-620, 2022

1

WL 3343772 (M.D. Pa. June 7, 2022); 1900 Cap. Tr. II by U.S. Bank Tr. Nat'l Ass'n v. Boldrini, No. 3:19-CV-1576, 2019 WL 5457032, at *1 (M.D. Pa. Oct. 24, 2019); Fed. Nat'l Mortg. Ass'n v. Boldrini, No. CV 18-1959, 2019 WL 4241114, at *1 (M.D. Pa. Sept. 6, 2019). These efforts have been uniformly unavailing, but Boldrini's insistence at filing meritless claims ultimately led Judge Mariani of this Court to enjoin him in 2019 from filing new lawsuits relating to these mortgage foreclosures without the prior leave of court. 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its Individual Capacity but solely as Certificate Trustee v. Antonello Boldrini, Case No.: 3:19-CV-1576 (Doc. 112).

Following its entry, Boldrini has persisted in violating this injunction through frivolous efforts to challenge this foreclosure without first obtaining leave of court. As a result of this feckless course of conduct on his part, this Court has been compelled to rely upon Judge Mariani's injunction to summarily close cases filed by Boldrini. Luzerne Cnty. v. Boldrini, No. 3:22-CV-00620, 2022 WL 2734404, at *2 (M.D. Pa. May 5, 2022), report and recommendation adopted, No. CV 3:22-620, 2022 WL 1785249 (M.D. Pa. June 1, 2022), reconsideration denied, No. CV 3:22-620, 2022 WL 3343772 (M.D. Pa. June 7, 2022).

Given this background, this case again calls to mind the wisdom of Einstein's aphorism since Boldrini has now filed a petition to remove a state criminal case,

which appears to arise out of this contentious property dispute, to federal court without first obtaining leave of court, as he is required to do. (Doc. 1). The frivolous nature of Boldrini's latest removal petition is clear to all since this is the second time that Boldrini has attempted to remove a state criminal case to federal court. Boldrini's prior feckless removal petition was rejected by this Court in a ruling affirmed by the court of appeals. Pennsylvania v. Boldrini, No. 3:23-CV-01277, 2023 WL 6035676, at *1 (M.D. Pa. Aug. 2, 2023), report and recommendation adopted, No. 3:23-CV-01277, 2023 WL 6276693 (M.D. Pa. Sept. 26, 2023), aff'd, No. 23-2846, 2024 WL 1528944 (3d Cir. Feb. 7, 2024).

Given this history, a past which serves as prologue, it is recommended that the instant case be remanded forthwith to the Court of Common Pleas.

**II.   Discussion**

Boldrini's latest foray into federal court fails as a matter of law for reasons previously explained to Boldrini. It is well settled that "[t]he removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987), cert. dismissed sub nom. American Standard v. Steel Valley Auth., 484 U.S. 1021, 108 S. Ct. 739, 98 L.Ed.2d 756 (1988)) (internal citations omitted). Therefore,

"a party who urges jurisdiction on a federal court bears the burden of proving that" removal is appropriate. Id. Thus, as we have observed in the past:

> The [party seeking removal] bear[s] the burden of establishing removal jurisdiction and demonstrating compliance with all pertinent procedural requirements. Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085, 111 S. Ct. 959, 112 L.Ed.2d 1046 (1991); Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1011 (3d Cir. 1987). Removal statutes are to be strictly construed and all doubts resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S. Ct. 868, 85 L.Ed. 1214 (1941); Boyer, 913 F.2d at 111; Landman v. Borough of Bristol, 896 F. Supp. 406, 408 (E.D. Pa. 1995).

Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003).

In this regard, it is well-settled that "[t]he existence of subject-matter jurisdiction over an action is a prerequisite to its removal to federal court." Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 212 (3d Cir. 1997). Further:

> Upon a determination that a federal court lacks subject-matter jurisdiction over a particular action, the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed. Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of this section is mandatory—once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court.

Id. at 213 (citing International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991); Maine Assoc. of Interdependent

4

Neighborhoods v. Commissioner, Maine Dep't of Human Svcs., 876 F.2d 1051, 1054 (1st Cir.1989)).

In the instant case, Boldrini purports to remove a state criminal case to federal court. However, we only have subject matter jurisdiction over the removal of state criminal cases to federal court in very narrow and specific circumstances, such as where the state criminal defendant is a federal officer or agency, a member of the armed forces of the United States, or where the underlying state criminal case involves some civil rights which cannot be enforced in the state court proceedings. 28 U.S.C. §§ 1442, 1442a, 1443.

In this case, we have already determined that "Boldrini satisfies none of the substantive criteria for removal of a criminal prosecution. Boldrini is not a federal officer, a state officer, or a member of the armed forces." Pennsylvania v. Boldrini, 2023 WL 6035676, at *3. Further we have concluded that:

> Boldrini's "rambling, generalized, and unsupported allegations do not meet the specific criteria for § 1443[(1)] removal." Christ v. Vora, 294 Fed. App'x 752, 753 (3d Cir. 2008) (per curiam). He has not alleged "racial discrimination or inequality of any kind," nor has he demonstrated that he "will be unable to enforce his civil rights in state court." Delaware v. Burr, 523 Fed. App'x 895, 897 (3d Cir. 2013) (per curiam).
>
> Accordingly, because it clearly appears on the face of the notice and exhibits annexed thereto that removal should not be permitted, we

recommend that the petition be summarily remanded to state court for further proceedings there, pursuant to 28 U.S.C. § 1455(b)(4).

Id.

Simply put, Boldrini provides no reason, beyond his meritless assertions of a far-reaching conspiracy, why we should permit him to contort the federal removal statutes in a fashion which is contrary to law. Therefore, we should decline this previously discredited removal petition and remand this case to state court.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that this matter be summarily remanded to the Court of Common Pleas. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge,

6

however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of August 2024.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

7